**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| SANTWAN HOLT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:08-CV-168 (CDL) |
| | : | |
| UNITED STATES MARSHAL SERVICE, | : | 28 U.S.C. § 2241 |
| | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

On December 16, 2008, Petitioner, who is currently being held at the Dooly County Justice Center in Pinehurst, Georgia, filed the above-styled petition for writ of habeas corpus, seeking release from detention. (R-1). A review of the Court's docket in Case No. 4:08-cr-8, reveals that Petitioner has been indicted in the United States District Court for the Middle District of Georgia, with Possession of a Controlled Substance with the Intent to Distribute in violation of 21 U.S.C. § 841(a). The docket further reveals that Petitioner has not been brought to trial, and the proceedings in his case are ongoing.

In his application for habeas relief, Petitioner claims that his current counsel was ineffective for failing to request a bond hearing, that his counsel was ineffective for failing to "show a particularized need for" witness statements made to the grand jury, and that the Government withheld discovery from him after a superseding indictment was filed in his case. (R-1, R-4).

Petitioner's Application for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2221,

is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Proceedings For The United States District Courts. The rules applicable to § 2254 petitions also apply to petitions filed pursuant to § 2241. *See Palacious v. Kovachevich*, 2005 WL 1258898, at *1(M.D. Fla. May 20, 2005); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001); *Howard v. Haley*, 2001 WL 303534, at *1 (S.D. Ala. March 8, 2001); *Howard v. Certain Unnamed Aircraft Pilots*, 1995 WL 431150, at *2 (N.D. Ill. July 18, 1995); *see also* Rule 1(b), Rules Governing Section 2254 Cases ("In applications for habeas corpus in cases not covered by subdivision (a), these rules may be applied at the discretion of the United States district court."). Pursuant to Rule 4 of the rules governing federal habeas cases, this Court is required to conduct a preliminary review of the petition for writ of habeas corpus. Under that rule, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. *Id*.

In this case, the issues Petitioner raises would be dispositive of the underlying criminal charges for which he has been indicted. Petitioner is required, therefore, to exhaust his claims at trial and on direct appeal before he can maintain a habeas action as to these claims. As such, Petitioner's current petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 is premature. Furthermore, it should be noted that the proper respondent in a petition for habeas corpus relief is the Warden of the institution where the inmate is currently incarcerated. The United States Marshal Service, therefore, is not a proper party Defendant in this case.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2241 be **DISMISSED** without prejudice. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 2nd day of January, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE